IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROSSCO HOLDINGS INCORPORATED** et al, | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **Civil Action No. 4:14-cv-374-O** |
| **MICHAEL MCCONNELL, ESQ. et al,** | § § | |
| **Defendants.** | § § | |

## ORDER

Before the Court are Defendants Michael McConnell, Kelly Hart & Hallman, LLP, and Beard

Kultgen Brophy Bostwick Dickson & Squires, L.L.P.'s motion to dismiss, brief, and appendix in

support (ECF Nos. 10-13, 16); Plaintiffs Rossco Holdings Incorporated, Leonard M. Ross, and the

Leonard M. Ross Revocable Trust's response, brief, and appendix (ECF Nos. 21, 23-24), and

Defendants' replies and appendices (ECF Nos. 26-29).[1] The issue presented is whether Plaintiffs,

who are former Chapter 11 debtors, have standing to pursue the instant claims post-confirmation.

## I.    BACKGROUND

This suit, brought by Plaintiffs Rossco Holdings Incorporated and Leonard M. Ross,

individually and as trustee of the Leonard M. Ross Revocable Trust ("Plaintiffs") against Defendants

Michael McConnell, Kelly Hart & Hallman, LLP, and Beard Kultgen Brophy Bostwick Dickson &

Squires, L.L.P. ("Defendants"), arises from Defendants' representation of Plaintiffs during their

bankruptcy proceedings. *See generally* Compl. 5-6, ECF No. 1. Plaintiffs bring claims for negligent

---

[1] Defendant Beard Kultgen Brophy Bostwick Dickson & Squires, L.L.P. incorporated by reference
Defendants Michael McConnell and Kelly Hart & Hallman, LLP's motion, brief, and appendix.

misrepresentation and malpractice. *See id.* at 22-24. In the instant motions, Defendants contend Plaintiffs lack standing to pursue their claims because they failed to specifically and unequivocally reserve the claims in their bankruptcy plan. *See generally* Mots. Dismiss, ECF Nos. 10 & 16. Accordingly, a brief summary of Plaintiffs' bankruptcy proceedings follows.

Plaintiffs Leonard M. Ross ("Ross") and the Leonard M. Ross Revocable Trust ("Ross Trust") filed a Chapter 11 petition in the Central District of California, Los Angeles Division, on September 15, 2010. App. Supp. Mot. Dismiss Ex. A (Disclosure Statement), ECF No. 12-1. Plaintiff Rossco Holdings Incorporated ("Rossco") also filed a Chapter 11 petition in the Western District of Texas, Waco Division, on August 2, 2010. *Id.* Ex. C (Plan of Reorg.), ECF No. 12-5. On October 21, 2010, the Western District of Texas bankruptcy court transferred the Rossco proceeding to the Central District of California to be administered with the Ross and Ross trust proceedings. *See id.* at 264.

Plaintiffs petitioned for bankruptcy after National Guardian Life Insurance Company ("NGLIC") foreclosed on two properties for which Plaintiffs were the guarantors of the indebtedness. *See* Pls.' Compl. ¶¶ 10, 15-16. Plaintiffs asked Defendants to revive their rights to challenge any post-foreclosure deficiency from the sale by NGLIC because those rights were waived in the underlying loan documents. *Id.* ¶ 11. Plaintiffs contend Defendants negotiated agreements which purported to revive Plaintiffs' right to challenge the deficiencies. *Id.* ¶¶ 12-14.

Thereafter, NGLIC filed proofs of claim in Plaintiffs' bankruptcy proceedings to recover the deficiencies. *Id.* ¶ 16. Plaintiffs filed adversary proceedings to challenge the deficiencies, relying upon Defendants' advice regarding revival. *See id.* ¶¶ 13-14, 16. NGLIC then filed motions for summary judgment in the adversary proceeding contending Plaintiffs waived their right to challenge

the deficiencies and that their right had not been revived. *Id.* ¶ 16. The bankruptcy court agreed with

NGLIC, and the full deficiencies were allowed in both proceedings. *Id.* Thus, Plaintiffs contend that

Defendants provided false advice and that they were damaged as a result. *See id.* ¶ 17.

Ross and Ross Trust's plan of reorganization was confirmed on September 12, 2012, and

Rossco's plan was confirmed on September 11, 2012. *See generally id.* Exs. B & D (Orders

Confirming). The Rossco plan was later modified on January 30, 2013. *Id.* Ex. F (Order Modifying),

App. 611-13, ECF No. 12-10. Neither the plans nor the disclosure statements provided that Plaintiffs

reserved any claims against the Defendants to be pursued post-confirmation. For this reason,

Defendants now contend that this case must be dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(1) because Plaintiffs lack standing under the Bankruptcy Code.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and they possess "only the power that is

authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto."

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Under Article III of the

Constitution, federal courts are confined "to adjudicating actual 'cases' and 'controversies.'" *Allen*

*v. Wright*, 468 U.S. 737, 750 (1984). Of all the case-or-controversy doctrines—including standing,

ripeness, political question, etc.—the requirement that a litigant have standing to invoke the power

of a federal court is perhaps the most important. *Id.* Because the question of standing implicates the

court's subject-matter jurisdiction, the court applies the standards for a motion to dismiss pursuant

to Rule 12(b)(1). *Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 556 (N.D.

Tex. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Allen*, 468 U.S. at 751).

A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of a federal district court. See Fed. R. Civ. P. 12(b)(1). Plaintiffs, as the parties invoking jurisdiction, bear the burden of demonstrating that the requirements for standing are satisfied. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court can find that subject-matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

### B.    Post-Confirmation Standing

The commencement of a case under the Bankruptcy Code creates an estate that is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The estate includes causes of action belonging to the debtor. *E.g.*, *Wooley v. Haynes & Boone, L.L.P. et al. (In re SI Restructuring Inc.)*, 714 F.3d 860, 864 (5th Cir. 2013) (citing *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009)).

In Chapter 11, the debtor typically has "most of the powers of a bankruptcy trustee to pursue claims on behalf of the estate." *Dynasty Oil and Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 355 (5th Cir. 2008) (citing 11 U.S.C. § 1107(a)). Upon confirmation of the Chapter 11 plan, however, the bankruptcy estate ceases to exist, and the debtor loses its ability to pursue claims on behalf of the estate unless the confirmed plan or disclosure statement provides for

4

the "retention and enforcement" of the claim by the debtor. *See Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Tex. Wyo. Drilling, Inc.)*, 647 F.3d 547, 551-52 (5th Cir. 2011); *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) (citing 11 U.S.C. § 1101(1); *In re Ice Cream Liquidation, Inc.*, 319 B.R. 324, 333 (Bankr. D. Conn. 2005); *In re Grinstead*, 75 B.R. 2, 3 (Bankr. D. Minn. 1985)); *see also* 11 U.S.C. § 1123(b)(3). In short, the debtor lacks standing, post-confirmation, to pursue a claim that was property of the estate unless the claim was properly reserved. *See Lovett v. Cardinal Health, Inc. (In re Diabetes Am., Inc.)*, 485 B.R. 340, 343 (Bankr. S.D. Tex. 2012).

"For a reservation to be effective, it must be specific and unequivocal—blanket reservations of any and all claims are insufficient." *In re SI Restructuring*, 714 F.3d at 864 (quoting *In re United Operating, LLC*, 540 F.3d at 355-56) (internal quotation marks omitted). Although the reservation must be "specific and unequivocal," the United States Court of Appeals for the Fifth Circuit has approved of categorical reservations of claims, such as "various pre-petition shareholders of the Debtor who might be sued for fraudulent transfer and recovery of dividends paid to shareholders." *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d at 552 (internal quotation marks omitted).

The Fifth Circuit has yet to decide whether the failure to identify *any* prospective defendants is fatal to a post-confirmation claim. *See id.*; *see also In re SI Restructuring Inc.*, 714 F.3d at 865 n.1. At a minimum, however, the reservation must be specific enough to put creditors on notice of any claim the debtor may pursue post-confirmation. *In re SI Restructuring*, 714 F.3d at 864. Otherwise, the creditors could not cast an "intelligent vote" on the proposed plan. *See id.* (quoting *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d at 550).

5

### III.    ANALYSIS

Defendants contend that Plaintiffs failed to reserve the instant claims in their respective bankruptcy proceedings and, therefore, lack standing to bring this case. *See generally* Br. Supp. Mot. Dismiss 7-8, ECF No. 11.  Plaintiffs contend that: (1) their plans do not prohibit them from bringing the instant claims; (2) the claims had not accrued at the time of confirmation; and (3) that the creditors had notice because the claims are the natural outgrowth of the NGLIC claim, which was reserved. The Court addresses each argument in turn.

### A.    Plaintiffs' Confirmed Plans

Plaintiffs argue that the confirmed plans do not prohibit them from pursuing claims as they "so determine[]." *See* Br. Supp. Resp. 7, ECF No. 24. Plaintiffs overlook Section 1123(b)(3). Upon confirmation of the Chapter 11 plan, the bankruptcy estate ceases to exist, and the debtor cannot pursue any claim once held by the estate unless the confirmed plan or disclosure statement provides for the "retention and enforcement" of the claim by the debtor. *See, e.g.*, *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 551-52 (5th Cir. 2011) (citing 11 U.S.C. § 1123(b)(3)). Thus, that the plan does not *prohibit* the claim is irrelevant. Rather, the crucial inquiry is whether the plan specifically and unequivocally provided that the debtor *may* pursue the claim post-confirmation. *See, e.g.*, *Compton v. Anderson (In re MPF Holdings US, LLC)*, 701 F.3d 449, 455-56 (5th Cir. 2012). Therefore, the Court rejects Plaintiffs' first argument.

### B.    Accrual

Next, Plaintiffs contend their claims had not yet accrued at the time their bankruptcy plans were confirmed. *See* Br. Supp. Resp. 7-9, ECF No. 24. Defendants note that Plaintiffs have "pushed

back" the accrual date from the date provided in their complaint and that, even if Plaintiffs' accrual date was accurate, Plaintiffs had the opportunity to amend their plan. *See* KHH's Reply 4 n.4, 6-7, ECF No. 27; Beard Kultgen's Reply 3-5, ECF No. 26. In their complaint, Plaintiffs allege that on September 5, 2012, "the Plaintiffs learned they had been mislead by the Defendants and that the Defendants had committed legal malpractice." Compl. ¶ 71, ECF No. 1. Plaintiffs' plans were confirmed on September 11 and 12, 2012. Plaintiffs now contend their claims accrued on October 9, 2012, when the California bankruptcy court issued its order granting NGLIC's motions for summary judgment. *See* Br. Supp. Resp. 7-8, ECF No. 24. Given this inconsistency, the Court questions Plaintiffs' most recent accrual date.

Nevertheless, assuming Plaintiffs' claims accrued shortly after confirmation, Plaintiffs fail to explain why they did not seek to modify their plans. *See* 11 U.S.C. § 1127 ("The . . . reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan . . . ."). In fact, Rossco filed a motion to modify its confirmed plan, which was granted on January 30, 2013. *See* App. Supp. Mot. Dismiss Ex. F (Order Modifying), App. 611-13, ECF No. 12-10. Plaintiffs do not explain why they did not seek to reserve the instant claims upon modification. Therefore, the Court overrules Plaintiffs' second contention.

### C.      NGLIC Claim

Lastly, Plaintiffs argue that their claims are the "natural outgrowth" of the NGLIC adversary proceeding, which was reserved in the plans. *See* Br. Supp. Resp. 9-11, ECF No. 24. Specifically, Plaintiffs contend they seek the same damages from Defendants that they sought from NGLIC—"the actual fair market value of the foreclosed properties on the foreclosure date minus the amount of the

7

winning bids at foreclosure." *Id.* at 9. The "specific and unequivocal test" looks to whether the debtor adequately reserved the *types of claims* sought to be pursued post-confirmation. *See In re SI Restructuring Inc.*, 714 F.3d 860, 865 n.1 (5th Cir. 2013). The Rossco plan provided that Rossco may pursue, post-confirmation, the adversary proceeding already commenced against NGLIC. Similarly, the Ross and Ross Trust plan stated that the trustee may prosecute, post-confirmation, the NGLIC adversary proceeding. App. Supp. Mot. Dismiss at 77, 333-34. The claims now asserted are of an entirely different type than the adversary proceeding; namely, the NGLIC action arose from the foreclosure sale deficiency while the instant claims arise from Defendants' legal representation of Plaintiffs. Importantly, the plans would not put creditors on notice as to the instant suit. For this reason, Plaintiffs final argument must fail.

## IV.   CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs lack standing to pursue the instant suit because they failed to specifically and unequivocally reserve the claims in their Chapter 11 plans of reorganization. The Court, therefore, **GRANTS** Defendants' motions to dismiss (ECF Nos. 10 & 16) and **DISMISSES** this case **without prejudice**.

**SO ORDERED** on this **23rd day** of **July, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**